NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHARLES VANCE JOHNSON, | ) | No. C 07-1083 JF (PR) |
| Petitioner, | ) | ORDER TO SHOW CAUSE |
| vs. | ) | |
| BEN CURRY, Warden, | ) | |
| Respondent. | ) | |

Petitioner, a state prisoner proceeding pro se, seeks a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court initially denied Petitioner's motion to proceed in forma pauperis and Petitioner has paid the filing fee. The Court orders Respondent to show cause why the petition should not be granted.

**STATEMENT**

On April 9, 1985, Petitioner was sentenced to a term of twenty years-to-life in state prison after his conviction for second degree murder and assault with a deadly weapon in Kern Superior Court. Petitioner challenges the Board of Prison Terms' ("Board") decision denying him parole after his April 26, 2005 parole suitability hearing.

Order to Show Cause
P:\pro-se\sj.jf\hc.07\Johnson083osc            1

Petitioner sought habeas relief in the state superior court, appellate court, and supreme court, all of which were denied as of January 3, 2007. Petitioner filed the instant federal petition on February 22, 2007.

## DISCUSSION

### A. Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

### B. Petitioner's Claim

As grounds for federal habeas relief, Petitioner alleges that he was deprived of parole, a federal liberty interest protected by federal law, without some evidence supporting the determination that he poses an unreasonable threat to public safety. Liberally construed, Petitioner's claim is cognizable under § 2254. The Court orders Respondent to show cause why the petition should not be granted.

## CONCLUSION

1. The Clerk shall serve by mail a copy of this order and the petition and all attachments thereto upon the Respondent and the Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on the Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **sixty days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state parole record that have been transcribed previously and that are

1 relevant to a determination of the issues presented by the petition.

2 If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty days** of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty days** of receipt of the motion, and Respondent shall file with the court and serve on Petitioner a reply within **fifteen days** of receipt of any opposition.

4. It is Petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: 7/30/07

JEREMY FOGEL
United States District Judge

A copy of this order was mailed to the following:

Charles Vance Johnson
D-05007/ G-238
Correctional Training Facility
P.O. Box 689
Soledad, CA  93960-0689