1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CHARLES VANCE JOHNSON,              )        No. C 07-01083 JF (PR)
                                    )
                 Petitioner,        )        ORDER DENYING PETITION
                                    )        FOR A WRIT OF HABEAS
     vs.                            )        CORPUS
                                    )
                                    )
BEN CURRY, Warden,                  )
                                    )
                 Respondent.        )
_____     )

        Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus

pursuant to 28 U.S.C. § 2254 challenging the April 26, 2005 decision by the Board of

Parole Hearings (the "Board") to deny him parole.  The Court found that the petition

stated a cognizable claim and ordered Respondent to show cause why the petition

should not be granted.   Respondent filed an answer addressing the merits of the

petition, and Petitioner filed a traverse.  Having reviewed the papers and the underlying

record, the Court concludes that Petitioner is not entitled to relief based on the claim

presented and will deny the petition.

///

///

**BACKGROUND**

In 1985, a Kern County Superior Court jury convicted Petitioner of second degree murder (Cal. Penal Code § 187), assault with a deadly weapon (Cal. Penal Code § 245) and use of a firearm. Petitioner was sentenced to a term of twenty years-to-life in state prison, and currently is serving his sentence at the Correctional Training Facility in Soledad, California. Petitioner challenges the Board's decision denying him parole after a fifth parole consideration hearing on April 26, 2005. Petitioner filed habeas petitions in the state superior court, state appellate court and state supreme court, the last of which was denied on January 3, 2007. Petitioner filed the instant federal habeas petition on February 22, 2007.

**DISCUSSION**

**A.    Standard of Review**

This Court will entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams (Terry) v. Taylor, 529 U.S. 362, 412-413 (2000). "Under the 'reasonable application clause,' a federal habeas court

may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411.

"[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was 'objectively unreasonable.'" Id. at 409. In examining whether the state court decision was objectively unreasonable, the inquiry may require analysis of the state court's method as well as its result. Nunes v. Mueller, 350 F.3d 1045, 1054 (9th Cir. 2003). The standard for "objectively unreasonable" is not "clear error" because "[t]hese two standards . . . are not the same. The gloss of error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness." Lockyer v. Andrade, 538 U.S. 63, 75 (2003).

A federal habeas court may grant the writ if it concludes that the state court's adjudication of the claim "results in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28. U.S.C. § 2254(d)(2). The court must presume correct any determination of a factual issue made by a state court unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28. U.S.C. § 2254(e)(1).

Where, as here, the highest state court to consider the Petitioner's claims issued a summary opinion which does not explain the rationale of its decision, federal review under § 2254(d) is of the last state court opinion to reach the merits. See Ylst v. Nunnemaker, 501 U.S. 797, 801-06 (1991); Bains v. Cambra, 204 F.3d 964, 970-71, 973-78 (9th Cir. 2000). In this case, the last state court opinion to address the merits of Petitioner's claims is the opinion of the Kern County Superior Court. (Resp. Ex. 7 (In Re Charles Vance Johnson, Case No. HC009336, August 10, 2006).)

1

B.    **Legal Claims and Analysis**

2          As a basis for federal habeas relief, Petitioner alleges that he was deprived of

3    parole, a federal liberty interest protected by federal law, without "some evidence"

4    supporting the determination that he poses an unreasonable threat to public safety.

5    (Pet. 6.)

6          The Ninth Circuit has determined that a California prisoner with a sentence of

7    a term of years to life with the possibility of parole has a protected liberty interest in

8    release on parole and therefore a right to due process in the parole suitability

9    proceedings.  See McQuillion v. Duncan, 306 F.3d 895, 902 (9th Cir. 2002) (citing

10   Board of Pardons v. Allen, 482 U.S. 369 (1987); Greenholtz v. Inmates of Nebraska

11   Penal & Corr. Complex, 442 U.S. 1 (1979)).  See also Irons v. Carey, 505 F.3d 846,

12   851 (9th Cir.), reh'g and reh'g en banc denied, 506 F.3d 951 (9th Cir. 2007); Sass v.

13   California Board of Prison Terms, 461 F.3d 1123, 1127-28 (9th Cir. 2006), reh'g and

14   reh'g en banc denied, No. 05-16455 (9th Cir. Feb. 13, 2007); Biggs v. Terhune, 334

15   F.3d 910, 915-16 (9th Cir. 2003).

16         A parole board's decision must be supported by "some evidence" to satisfy the

17   requirements of due process.  Sass, 461 F.3d at 1128-29 (adopting "some evidence"

18   standard for disciplinary hearings outlined in Superintendent v. Hill, 472 U.S. 445, 454-

19   55 (1985)).  The standard of "some evidence" is met if there was some evidence from

20   which the conclusion of the administrative tribunal could be deduced.  See Hill, 472

21   U.S. at 455.  An examination of the entire record is not required, nor is an independent

22   assessment of the credibility of witnesses nor weighing of the evidence.  Id.  The

23   relevant question is whether there is any evidence in the record that could support the

24   conclusion reached by the Board.  See id.  Accordingly, "if the Board's determination

25   of parole suitability is to satisfy due process there must be some evidence, with some

26   indicia of reliability, to support the decision."  Rosas v. Nielsen, 428 F.3d 1229, 1232

27   (9th Cir. 2005) (citing McQuillion, 306 F.3d at 904).

28         In assessing whether or not there is "some evidence" supporting the Board's

1    denial of parole, in this case, this Court must consider the regulations that guide the

2    Board in making its parole suitability determinations.  California Code of Regulations,

3    title 15, section 2402(a) states that "[t]he panel shall first determine whether the life

4    prisoner is suitable for release on parole.  Regardless of the length of time served, a life

5    prisoner shall be found unsuitable for and denied parole if in the judgment of the panel

6    the prisoner will pose an unreasonable risk of danger to society if released from

7    prison."  Cal. Code of Regs., tit. 15, § 2402(a).  The regulations direct the Board to

8    consider "all relevant, reliable information available."  Cal. Code of Regs., tit. 15, §

9    2402(b).  Further, the regulations enumerate various circumstances tending to indicate

10   whether or not an inmate is suitable for parole.  Cal. Code of Regs., tit. 15, § 2402(c)-

11   (d).[1]

12        Recently, the Ninth Circuit reheard en banc the panel decision in Hayward v.

13   Marshall, 512 F.3d 536 (9th Cir.), reh'g en banc granted, 527 F.3d 797 (9th. Cir. 2008),

14   which presented a state prisoner's due process habeas challenge to the denial of parole.

15   The panel had concluded that the gravity of the commitment offense had no predictive

16   value regarding the petitioner's suitability for parole and held that because the

17   Governor's reversal of parole was not supported by some evidence, it resulted in a due

18   process violation.  512 F.3d at 546-47.  The Ninth Circuit has not yet issued an en banc

19   decision in Hayward.  Since the en banc hearing on June 24, 2008, the Ninth Circuit

---

[1] The circumstances tending to show an inmate's unsuitability are: (1) the
commitment offense was committed in an "especially heinous, atrocious or cruel
manner;" (2) previous record of violence; (3) unstable social history; (4) sadistic
sexual offenses; (5) psychological factors such as a "lengthy history of severe
mental problems related to the offense;" and (6) prison misconduct.  Cal. Code of
Regs., tit. 15, § 2402(c).  The circumstances tending to show suitability are: (1) no
juvenile record; (2) stable social history; (3) signs of remorse; (4) commitment
offense was committed as a result of stress which built up over time; (5) Battered
Woman Syndrome; (6) lack of criminal history; (7) age is such that it reduces the
possibility of recidivism; (8) plans for future including development of marketable
skills; and (9) institutional activities that indicate ability to function within the law.
Cal. Code of Regs., tit. 15, § 2402(d).

1    has ordered briefing, <u>inter alia</u>, at to whether the order granting rehearing en banc
2    should be vacated and submission of the matter deferred pending the California
3    Supreme Court's decisions in <u>In re Lawrence</u>, No. S154018, and <u>In re Shaputis</u>, No.
4    S155872, both of which cases were argued on June 4, 2008.  <u>Hayward v. Marshall</u>, No.
5    06-55392, slip op. at 2 (9th Cir. July 10, 2008).

6         Unless or until the en banc court overrules the holdings in <u>Biggs</u>, <u>Sass</u>, and
7    <u>Irons</u>, it is the law in this circuit that 1) California's parole scheme creates a federally
8    protected liberty interest in parole and therefore a right to due process, and 2) that the
9    right is satisfied if some evidence supports the Board's parole suitability decision.
10   <u>Sass</u>, 461 F.3d at 1128-29.   These cases also hold that the Board may rely on
11   immutable events, such as the nature of the conviction offense and pre-conviction
12   criminality, to find that a prisoner is not currently suitable for parole.  <u>Id.</u> at 1129.
13   <u>Biggs</u> and <u>Irons</u> further suggest, however, that over time, the commitment offense and
14   pre-conviction behavior become less reliable predictors of danger to society such that
15   repeated denial of parole based solely on immutable events, regardless of the extent of
16   rehabilitation during incarceration, could violate due process at some point after the
17   prisoner serves the minimum term on his sentence.  <u>See</u> <u>Irons</u>, 505 F.3d at 853-54.

18        The Board's decision denying parole in this case was based upon its review of
19   the nature and circumstances of the commitment offense, Petitioner's prior criminal and
20   social history, and Petitioner's behavior and programming during imprisonment.  The
21   Board concluded that Petitioner "would pose an unreasonable risk of danger to society
22   or a threat to public safety if released from prison."  (Resp. Ex. 2 at 54.)  The Board
23   stated several reasons for its conclusion, the first being the nature of the commitment
24   offense: "Multiple victims were attacked, injured, and killed.  The motive for the crime
25   is inexplicable or trivial."  <u>Id.</u>  Petitioner shot and killed an unarmed victim who was
26   fleeing from him after verbal and physical altercations in a parking lot.  <u>Id.</u> at 9-11.
27   Petitioner also shot at several of victim's companions who were also unarmed.  <u>Id.</u>
28   However, the Board stated several additional reasons for its denial of parole, including

Petitioner's previous criminal record which showed "an escalating pattern of conduct and a record of violence," and Petitioner's institutional behavior, specifically including Petitioner's failure to develop a marketable skill and to upgrade educationally and vocationally. Id. at 54. The Board also found that Petitioner had not sufficiently participated in self-help programs. Id. The remaining concerns were Petitioner's vague parole plans, including the lack of a viable residence or acceptable employment plans. Id. at 55. The Board commended Petitioner for "not getting into any further trouble" and "not having any 115s[2] recently." Id. However, the Board concluded that "his positive aspects do not outweigh his factors of unsuitability." Id.

In its order denying habeas relief, the superior court determined that the record contained some evidence to support the Board's finding that Petitioner was unsuitable for parole. The court made the following observations:

> The Board's decision was supported by some evidence. The Board found that Petitioner's commitment offense indicated unsuitability for parole. Multiple victims were attacked, injured, *or* killed in the same incident. Petitioner and Curtis Plowman got in a fight, and Greg McCright and Mike Barton pulled the two men apart. Petitioner retreated to his car and returned with a baseball bat which he swung at Mike Barton. Petitioner was hit and kicked by Mike Barton and Curtis Plowman. Sometime later, Petitioner got out of the car and went to the trunk from which he removed his .22 pistol. Petitioner then fired in the direction of Lamar Fawcett and Sabrina Kelley and at Greg McCright's truck, striking the vehicle. Everyone began to scatter. Jerry Hitchcock came out of the Fastrip Market and walked toward Petitioner's car. Petitioner shot him several times including several shots in his back. Jerry Hitchcock retreated and collapsed several feet away. He died at the scene. Although Petitioner has a different version of the story, the fact that multiple victims were attacked, injured, *or* killed in the same incident does not change. The Board also found that the motive for the crime was inexplicable or trivial. The Board found that Petitioner failed to develop marketable skill. Petitioner failed to upgrade educationally and vocationally and has not sufficiently participated in self-help programs. The Board found that Petitioner did not make realistic plans for release. He has no acceptable employment plans.
>
> Petitioner argues that the Board cannot continue to rely on the unchangeable fact of the criminal offense. This argument fails. California law does allow the Board to continue to look at the circumstances of the murder and allows the facts of the crime alone to support a sentence longer than the statutory minimum, even if everything else about the prisoner is laudable. See *In re Dannenberg* (2005) 34 Cal.4th 1061, 1070-1071. Even though the Ninth Circuit opined that

---

[2] "115s" refers to rules violation reports.

continuing reliance on the murder itself and past criminality to justify denying parole could result in a due process violation, *Biggs v. Terhune* (9th Cir. 2003) 334 F.3d 910, 917, that dicta is not clearly established federal law.   Moreover, the some evidence standard is extremely deferential to the original decision maker.  See *Superintendent v. Hill* (1985) 472 U.S. 445, 454.

(Resp. Ex. 7 at 1-2.)

As noted by the superior court, the Board denied Petitioner parole not solely because of the nature and circumstances of his commitment offense but also on the basis of the other factors identified above.  Moreover, in light of the present case law, the Board properly considered the nature of Petitioner's commitment offense.  See In re Rosenkrantz, 29 Cal. 4th 616, 682-83 ("the [Board] properly may weigh heavily the degree of violence used and the amount of viciousness shown by a defendant").  Cal. Code of Reg., tit. 15, § 2402(a); see supra at 5.  Accordingly, it appears that the Board's findings are supported by "some evidence," and the evidence underlying the Board's decision has some "indicia of reliability."  Rosas v. Nielsen, 428 F.3d at 1232.

This Court concludes that Petitioner's right to due process was not violated by the Board's decision to deny parole.  The state courts' denial of Petitioner's claim was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent, nor was it based on an unreasonable determination of the facts in light of the evidence presented.  28 U.S.C. § 2254(d)(1), (2).

## CONCLUSION

The Court concludes that Petitioner has failed to show any violation of his federal constitutional rights in the underlying state court proceedings and parole hearing.  Accordingly, the petition for writ of habeas corpus is DENIED.

IT IS SO ORDERED.

Dated:    2/2/09

_____
JEREMY FOGEL
United States District Judge

Order Denying Petition for a Writ of Habeas Corpus
P:\PRO-SE\SJ.JF\HC.07\Johnson083_denyHC-parole.wpd